IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:10CV1450 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Christopher A. Boyko |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | Magistrate Judge Kenneth S. McHargh |
| $16,757.00 in U.S. Currency, et al. | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a motion to dismiss Plaintiff, United States of America's, complaint in forfeiture ("Complaint"), pursuant to Fed. R. Civ. P. 12(b)(1), for lack of jurisdiction, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. (Doc. #9, hereinafter, "Motion"). The Motion was filed on behalf of Antonio Cunningham ("Claimant"). Mr. Cunningham maintains the Complaint should be dismissed for two reasons: 1) This Court lacks in rem jurisdiction over the defendant $16,757.00 in U.S. Currency (hereinafter, the "Defendant Currency"); and, 2) The Complaint fails to state sufficiently detailed facts to support the relief sought. Plaintiff (the "Government") opposed Mr. Cunningham's Motion. (Doc. #10, hereinafter, "Response"). Mr. Cunningham filed a reply to the Government's opposition (Doc. #12) and the Government filed a sur-reply to Mr. Cunningham's reply (Doc. #13). For the reasons discussed herein, Mr. Cunningham's motion to dismiss the Government's Complaint should be denied.

**I.    BACKGROUND**

In identifying the Court's jurisdiction, the Government's Complaint alleges that the Defendant Currency was seized incident to the drug arrest of Antonio Cunningham on December

23, 2009, by officers with the Cleveland Police Department, Community Services Unit. The U.S. Customs and Border Protection (CBP) adopted the seizure of the Defendant Currency for federal forfeiture, and commenced administrative forfeiture proceedings. A claim to the Defendant Currency was submitted by Cunningham, thereby requiring the filing of this judicial forfeiture action. The Complaint maintains the Defendant Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) (2006), in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances. (Doc. #1 at paras 3-5).

Under the heading, "Forfeiture", the Complaint sets forth allegations surrounding the seizure of the Defendant Currency. It alleges that on December 23, 2009, at approximately 1:15 p.m., an off-duty Cleveland Police Department (CPD) officer was nearly struck by a vehicle occupied by two individuals, in which Cunningham was later identified as the driver. As the off-duty officer pulled next to the vehicle, he observed the passenger counting a large sum of currency. He further "observed the driver (Cunningham) pointing what he (the off-duty officer) believed was a black handgun at him." (Id. at paras 9-11). The off-duty officer "'backed off' and contacted Cleveland Police Department officers assigned to the Community Services Unit (CSU)," who later approached Cunningham and identified him as the driver of the subject vehicle. (Id. at para 12). At that time, Cunningham identified the passenger in the vehicle. When asked if any guns or anything illegal was located in the vehicle, Cunningham stated that there was marijuana in the center console. Officers recovered the marijuana, and placed Cunningham under arrest for drug abuse and aggravated menacing. (Id. at paras 13-14). The vehicle was searched and "a plastic bag containing $16,040.00" bundled with rubber bands in $1,000 .00 stacks was recovered from the glove compartment. An

additional $717.00 in U. S. currency was recovered from Cunningham. (Id. at paras 16-17). The passenger, who was arrested on an outstanding Municipal Court warrant, stated that he was just released from prison after serving three and a half years, and was unemployed. The Complaint alleges that "it appears that Cunningham did not have any source of substantial legitimated income. He indicated . . . that he worked as a landscaper and operated a plow for employment, but also indicated that work had been a little slow." (Id. at para 22).

The Complaint also alleged that Cunningham had a criminal drug-related history, including: (1) a September, 2001 guilty plea to preparation of drugs for sale (felony five Senate Bill 2), in Cuyahoga County Case No. CR-01-410381-ZA, resulting in a one (1) year sentence to community control; (2) a March, 2004 guilty plea to trafficking in counterfeit controlled substances (felony five Senate Bill 2), in Cuyahoga County Case No. CR-03-447067-B, resulting in a one (1) year sentence to community control; and (3) an Order of Forfeiture against Cunningham in Case No. CR-03-447067-B, resulting in the forfeiture of $9,993.00 in U.S. currency (including $20 in buy money), a 1992 vehicle owned by Cunningham, and a pager. (Id. at paras 6-8).

**II.    LAW AND ANALYSIS**

**A.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Claimant seeks to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. "The first step in testing the sufficiency of the complaint is to identify any conclusory allegations." *Doe v. Simpson*, No. C-1-08-255, 2009 WL 2591682, at *1 (S.D. Ohio Aug. 19, 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbql*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*,

3

550 U.S. 544, 555 (2007)). "Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Simpson*, 2009 WL 2591682, at *1 (quoting *Twombly*, 550 U.S. at 555). The Supreme Court summarized its new "plausibility standard" as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556-70). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true" even if doubtful in fact. *Twombly*, 550 U.S. at 545, 555.

Mr. Cunningham alleges the Complaint must be dismissed because "the government must show it had probable cause to institute the action. And, such cause cannot even be divined from the pleadings here." (Motion at 5). Specifically, Defendant argues that, "the government lacks an ability to show these monies can be related to any illegal drug transaction". (Motion at 6). Defendant goes on to assert, "mere possession of a large sum of money does not establish probable cause". Mr. Cunningham contends that the Government's failure to establish probable cause is indicative that it has failed to state a claim upon which relief can be granted.

The Government argues that at the time the Complaint is filed, probable cause is not required. (Response at 8). The Complaint seeks to forfeit the currency in question pursuant to 21 U.S.C. § 881(a)(6) (2006). The provisions governing the sufficiency of civil forfeiture complaints are set forth at 18 U.S.C. § 983(a)(3)(D), and Fed. R. Civ. P. Supp. AMC Rules G(8)(b)(ii) & G(2)(f). 18 U.S.C. § 983(a)(3)(D) provides:

4

> (D) No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.

The language of 18 U.S.C. § 983(a)(3)(D) was incorporated into Fed. R. Civ. P. Supp. AMC Rule G(8)(b)(ii), which provides as follows:

> (ii) In an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2).

Fed. R. Civ. P. Supp. AMC Rule G(2)(f) provides:

> (2) Complaint. The complaint must:
>
> . . .
>
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

"[T]he test for sufficiency is satisfied if the complaint 'state(s) sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.'" *United States v. $16,000.00 in U.S. Currency,* No. 1:09-CV-154, 2009 WL 1048524, at *3 (N.D. Ohio Apr. 1, 2009) (the government does not have to have probable cause to file a civil forfeiture complaint; the proper standard is the reasonable belief standard in Supplemental Rule G(2)(f)) (quoting *United States v. All Funds on Deposit * * * Held in the Name of Jaeggi,* No. CV-05-3971, 2007 WL 2114670, at *4 (E.D.N.Y. July 16, 2007) ("the Government's forfeiture claim can advance forward in face of a 12(b)(6) motion to dismiss even if the Government's Complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding.").

The Court finds that the Government's Complaint meets the standards set forth in Fed. R. Civ. P. Supp. AMC Rule G(2)(f) and, accordingly, will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Complaint establishes that Mr. Cunningham has a significant drug-related criminal history. He almost hit an off-duty officer while driving recklessly in a vehicle that also contained a passenger observed to be counting a large sum of currency. The off-duty officer further observed Cunningham pointing what the officer believed to be a handgun at him. The vehicle was located shortly thereafter and a small amount of marijuana was located in the center console. Also found in the vehicle, was a plastic bag containing $16,040.00 in U.S. currency from the glove compartment. The currency was bundled with rubber bands in $1,000 stacks and an additional $717.00 in U.S. currency was taken during a pat-down of Cunningham. The passenger stated he was unemployed and had just been released from prison after serving three and one half years in prison. Cunningham stated that he worked as a landscaper and operated a plow for employment, but also indicated that work had been a little slow.

The Court concludes that a showing of these facts presents a "plausible claim" sufficient to satisfy the "reasonable belief" standard listed in Fed. R. Civ. P. Supp. AMC Rule G(2). *See United States v. $110,873 in U.S. Currency*, No. 04-4418, 2005 WL 3271312 (6th Cir. Nov. 30, 2005) (the Sixth Circuit holding that similar facts were sufficient for summary judgment). While the Court does not necessarily agree that the additional cases cited in the Government's brief, in which judgment was issued on findings of probable cause, were based upon sufficiently similar facts to those in this case, (*see* Government's Brief, Doc. #10 at paras 9-10), probable cause is not required at this stage of the proceedings. The facts alleged are sufficient to support a "reasonable belief" that

the government will be able to meet its burden at trial as required by 18 U.S.C. § 983(a)(3)(D) and Fed. R. Civ. P. Supp. AMC Rule G(2).

**B.      Defendant's Claim that This Court Lacks In Rem Jurisdiction**

Cunningham also maintains that this Court lacks in rem jurisdiction over the Defendant Currency, suggesting that the Complaint fails to allege that said currency was lawfully seized and that the adoption of said funds failed to conform to applicable Rules or Department Guidelines. (Motion at 4).

The Complaint alleges that the Defendant Currency was seized incident to the drug arrest of Antonio Cunningham on December 23, 2009, by officers with the Cleveland Police Department, Community Services Unit. The CBP adopted the seizure of the Defendant Currency for federal forfeiture and commenced administrative forfeiture proceedings. A claim to the Defendant Currency was submitted by Cunningham, thereby requiring the filing of this judicial forfeiture action. The Complaint maintains the Defendant Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) in that it constitutes proceeds from illegal drug trafficking activities, and/or was used or was intended to be used in exchange for illegal controlled substances. (Doc. #1 at paras 3-5).

As the government notes, the doctrine of adoptive forfeiture is well recognized. *See, e.g., United States v. Ford Coupe Auto*, 272 U.S. 321 (1926) (holding that the United States may adopt seizure of property forfeitable under federal law even if seized by a local official or one with no authority to make the seizure); *Madewell v. Downs*, 68 F.3d 1030, 1037-38 (8th Cir. 1995) ("A federal agency may adopt the seizure of property seized by another agency as related to illegal drug

7

use or trafficking."); *United States v. $6,207.00 in U.S. Currency*, No. 2:08-CV-999, 2009 WL 2169167, at *7 (M.D. Ala. July 20, 2009) (ruling that the DEA may adopt a state seizure and the district court may assert in rem jurisdiction over the property even if state authorities turned the property over without legal authority to do so).

To the extent that Claimant alleges that the CPD and the CBP failed to follow Department of Justice policy directives in the adoption of the Defendant Currency for federal forfeiture, Claimant's argument fails. It is well-established that the Department of Justice policy directives are not binding and do not create privately enforceable rights. *See, e.g.*, *$110,873.00 in U.S. Currency*, *supra*, at *4.

**C.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

Although Claimant also requests dismissal under 12(b)(1), the theory upon which it seeks such relief is not persuasive. In ruling on a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1), the Sixth Circuit explained:

> A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

For the reasons previously stated, a "facial attack" fails, as the allegations contained in the Complaint state a "plausible claim" upon which relief can be granted. To the extent Claimant attacks the Complaint on a "factual basis," that challenge is also unavailing. Claimant refers to *Pa. Gen. Cas. Co. v. Commonwealth of Pa.*, 294 U.S. 189, 195 (1935), in an apparent attempt to suggest

8

that this Court would lack jurisdiction if another court had already asserted jurisdiction over the Defendant Currency. For example, Cunningham's brief states "[a]dditionally, the proof will show that the State Courts acquired jurisdiction in the wake of the arrest itself." (Motion and Brief in support at 3). Beyond these (and other) conclusory statements, however, Claimant offers no affidavits or other materials to support his contention. Such conclusory allegations are insufficient to support a claim of lack of jurisdiction when weighing the allegations set forth in the verified Complaint in this action. *See, e.g.,U.S. v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 660 (6th Cir. 2003).

## **RECOMMENDATION**

It is recommended that the motion to dismiss (Doc. # 9) should be denied.

Dated: December 22, 2010           /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).