**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.1:10CV1450** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **$16,757.00 IN U.S. CURRENCY** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Claimant Antonio Cunningham's ("Cunningham") Objections to the Magistrate's Report and Recommendation (#ECF DCK #15, "Objection"). Magistrate Judge McHargh's Report and Recommendation (#ECF DCK #14) recommends that the Court deny Cunningham's Motion to Dismiss (#ECF DCK #9). For the reasons that follow, the Court adopts the Report and Recommendation and denies Cunningham's Motion to Dismiss.

**I. BACKGROUND**

The Cleveland Police seized $16,757.00 in U.S. Currency ("the Defendant Currency") incident to Cunningham's arrest on December 23, 2009. The U.S. Customs and Border

Protection adopted the seizure of the Defendant Currency for federal forfeiture, and the U.S. Attorney's Office ("the Government") instituted the present forfeiture action under 21 U.S.C. § 881. Cunningham then filed a claim for the Defendant Currency.

The Cleveland Police Department received a call from an off-duty police officer alerting the police that the driver of a silver Oldsmobile was driving recklessly. The off-duty officer also notified the police that he believed the driver had pointed a gun at him, and that he had observed the passenger counting a large sum of money. Approximately 15 minutes later, the police located the silver Oldsmobile in east Cleveland. The police approached the vehicle, found Cunningham in the driver's seat, and proceeded to question him.

According to the Complaint, Cunningham admitted that the vehicle's center console contained marijuana when asked about the vehicle's contents. The police located the marijuana and arrested Cunningham for drug abuse and aggravated menacing. The police then conducted an inventory search of Cunningham and the vehicle. The police found $717.00 on Cunningham's person and discovered $16,040.00 in the vehicle's glove compartment. The money in the glove compartment was bundled with rubber bands in $1,000 denominations. When asked about the source of the money, Cunningham indicated he worked as a landscaper and plow operator. Cunningham also offered that "work had been a little slow."

The Complaint also recounts Cunningham's drug-related criminal history. In particular, the Complaint recites: 1) a September 2001 guilty plea to preparation of drugs for sale (felony five Senate Bill 2), Cuyahoga County Case No. CR-01-410381-ZA; 2) a March 2004 guilty plea to trafficking in counterfeit controlled substances (felony five Senate Bill 2), Cuyahoga County Case CR-03-447067-B; and, 3) an Order of Forfeiture against Cunningham in Case CR-03-

2

447067-B, resulting in the forfeiture of $993.00, a pager, and Cunningham's 1992 Pontiac. Accordingly, the Government concluded that the Defendant Currency represented the proceeds of illegal drug trafficking activities and seized the Defendant Currency.

The Government maintains it has authority to seize the Defendant Currency under 21 U.S.C. § 881, and that the Court has subject matter jurisdiction under 28 U.S.C. § 1345, 28 U.S.C. § 1355(a), and 28 U.S.C. § 1355(b). Further, the Government asserts the Northern District of Ohio is an appropriate venue for the case under 28 U.S.C. § 1355(b) and 28 U.S.C. § 1395.

## II. LAW AND ANALYSIS

Title 28, § 636(b) of the United States Code and Civil Rule 72(b)(3) direct the Court to conduct a de novo review of any portion of a magistrate judge's decision to which the parties have properly objected. Magistrate Judge McHargh concludes the Court has jurisdiction over the Government's claim and recommends that the Court deny Cunningham's Motion to Dismiss. Cunningham's Objection circuitously argues that the Court does not have jurisdiction and that the Magistrate Judge should have dismissed the Government's claim. The Government's response counters both arguments.

### A. Subject Matter Jurisdiction

Cunningham moved to dismiss the Complaint pursuant to Civil Rule 12(b)(1). As the Sixth Circuit has explained:

> A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Cunningham's Objection does not

explicitly set forth a facial or factual attack. However, Cunningham's arguments under either framework, as explained below, are unpersuasive.

### 1. Cunningham's Facial Attack to Jurisdiction

A facial attack challenges the sufficiency of the pleading itself. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A court must accept all factual allegations set forth in the complaint as true when the defendant raises a facial attack. *See id.* Jurisdiction vests when the complaint sufficiently sets forth a claim showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a); *see also* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3d ed. 2010).

Here, the Government states the Court has jurisdiction under 28 U.S.C. § 1345 and 28 U.S.C. § 1355, as the Government instituted this forfeiture action under 21 U.S.C. § 881. Cunningham has not rebutted the Government's assertion that jurisdiction is proper under 28 U.S.C. § 1345. Regardless, Cunningham maintains the Complaint is inadequate because it does not allege a nexus between the Defendant Currency and illegal drug activity. *See* 21 U.S.C. § 881(a)(6) (the government may seize "all proceeds traceable to such an exchange"). 18 U.S.C. § 983(a)(3)(D) and Fed. R. Civ. P. Supp. AMC Rule G(2)(f) set forth the requirements for a sufficient complaint. 18 U.S.C. § 983(a)(3)(D) provides that "no complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." Fed. R. Civ. P. Supp. AMC Rule G(2)(f) explains that the complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."

The Complaint alleges that Cunningham stated his vehicle contained drugs. The Complaint also states that $16,040.00 of the Defendant Currency was bundled with rubber bands in $1,000

denominations. Additionally, the Complaint recounts Cunningham's significant drug-related criminal history. These facts provide a sufficient preliminary showing that the Defendant Currency was connected to an illegal activity. *See generally U.S. v. $118,170.00 in U.S. Currency*, 69 Fed. Appx. 714 (6th Cir. 2003). Accordingly, Cunningham's facial attack fails.

### 2. Cunningham's Factual Attack to Jurisdiction

Cunningham generally disputes all the facts in the Report and Recommendation. Additionally, Cunningham specifically denies possession of the marijuana and that the U.S. Customs and Border Protection properly adopted the seizure. The Court interprets these challenges as a factual attack upon the Court's jurisdiction. A factual attack challenges the complaint's factual grounds for jurisdiction, and therefore, the Court does not extend the complaint any presumption of truthfulness when determining if jurisdiction is proper. *See Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). Rather, the Court must "weigh the conflicting evidence" to determine if jurisdiction exists when presented with a factual attack. *Id*. While the plaintiff bears the initial burden of proving the Court has jurisdiction, *DLX*, 381 F.3d at 516, both parties may submit affidavits to supplement the record. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). Ultimately, Cunningham's factual attack fails due to a lack of evidence.

Cunningham specifically disputes possessing the marijuana, which he argues establishes that the Government cannot demonstrate a nexus between the Defendant Currency and an illegal drug transaction, thus depriving the Court of jurisdiction. However, Cunningham has not submitted any evidence or affidavits suggesting he did not possess the marijuana. Likewise, Cunningham does not present any other evidence that the Court might rely upon to determine if

5

the Complaint is factually erroneous. Thus, although the Court is not requiring Cunningham to explain how he originally obtained the Defendant Currency, Cunningham's argument fails at this stage in the proceeding due to a lack of evidence rebutting the facts supporting the Court's jurisdiction. *See, e.g., U.S. v. $118,170.00*, 69 Fed. Appx. at 718.

In addition to denying possession of the marijuana, Cunningham argues that the City of Cleveland possessed the Defendant Currency, and therefore, the Court does not have jurisdiction in this case. However, Cunningham has not submitted any evidence demonstrating that the City possessed the Defendant Currency. Conversely, the Cleveland Municipal Court transcript the Government submitted indicates the federal government held the property for several months before filing the Complaint. Accordingly, the Court finds that the evidence on record weighs in the Government's favor.

On the whole, Cunningham has not submitted any evidence to deprive the Court of jurisdiction. Conversely, the state in which the police found the Defendant Currency, i.e. in $1,000 denominations, the presence of drugs in the car, and Cunningham's criminal record suggest that the Defendant Currency is related to drug activity. Therefore, after weighing the evidence, the Court concludes that Cunningham has not presented enough evidence to sustain a factual challenge to the Court's jurisdiction.

**B.** *In Rem* **Jurisdiction**

Cunningham also argues the Court lacks jurisdiction over the Defendant Currency because "the first Court to acquire *in rem* jurisdiction does so to the exclusion of any other Court." (Objection 2). Relying upon *State v. Jacobs*, 137 Ohio St. 363 (1940), Cunningham asserts the state court has jurisdiction over the Defendant Currency, and the Court, therefore,

6

cannot maintain jurisdiction over the property based upon *Penn General Casualty v. Commonwealth of Pa.*, 294 U.S. 189 (1935). As explained above, Cunningham has not demonstrated the City has control of the Defendant Currency. Further, Cunningham's reliance upon *Jacobs* is misplaced because no federal agency asserted a claim to the contraband in *Jacobs*. Similarly, Cunningham's application of *Penn General* is misguided because no state or local governmental entity currently asserts a claim to the Defendant Currency. Consequently, the Court declines to dismiss the Complaint for lack of jurisdiction.

**C. Motion to Dismiss for Failure to State a Claim**

Cunningham also moves to dismiss the Complaint under Civil Rule 12(b)(6). Cunningham's Objection essentially renews his argument that the Government failed to allege a connection between the Defendant Currency and the drug offense, although he no longer argues the Government must show probable cause to maintain the current action. The Court accepts the allegations contained in the Complaint as true when deciding a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Nonetheless, the Complaint must contain sufficient factual matter presenting a plausible claim to relief. *See id.* A claim is plausible when it permits the Court to draw a "reasonable inference" that Government can legally seize the Defendant Currency. *Id.* Here, the same facts that support the conclusion that the Court has jurisdiction over the case also support the Court's decision not to dismiss the Complaint. Thus, the Complaint sets forth a sufficient factual basis supporting a plausible claim to relief. Accordingly, the Court denies Cunningham's 12(b)(6) motion.

**III. CONCLUSION**

Having determined the Court has jurisdiction over the case and that the Complaint sets

forth a sufficiently plausible claim, the Court denies Cunningham's Motion to Dismiss.

IT IS SO ORDERED.

DATE: January 28, 2011

                                                 S/Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                United States District Judge