UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.1:10CV1450 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| $16,757.00 IN U.S. CURRENCY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ANTONIO CUNNINGHAM, | ) | |
| | ) | |
| Claimant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Magistrate Judge Kenneth S. McHargh's Report and Recommendation (ECF#36), recommending Plaintiff's Motion for Summary Judgment (ECF #33) be granted. Defendant filed Objections to Magistrate's Report and Recommendation (ECF#37). Plaintiff filed Response of the United States to Dkt.No. 37 (Objections) (ECF#38). For the following reasons, the Court adopts the Magistrate's Report and Recommendation and grants Plaintiff's Motion for Summary Judgment.

1

**BACKGROUND**

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. The Cleveland Police seized $16,757.00 in U.S. Currency ("the Defendant Currency") incident to Claimant Cunningham's arrest on December 23, 2009. The U.S. Customs and Border Protection adopted the seizure of the Defendant Currency for federal forfeiture, and the U.S. Attorney's Office ("the Government") instituted the present forfeiture action under 21 U.S.C. § 881. Cunningham then filed a claim for the Defendant Currency.

Cunningham filed a Motion to Dismiss on July 28, 2010. On January 28, 2011 the Court adopted the Magistrate's Report and Recommendation denying the Motion to Dismiss. Plaintiff filed the instant Motion for Summary Judgment on October 3, 2011.

**STANDARD OF REVIEW**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist. *See Bryant v. Commonwealth of Ky.*, 490 F.2d 1273, 1275 (6th Cir. 1974). The Supreme Court held that:

> . . .Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Rule 56 requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Id.* at 324.

The Sixth Circuit in *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989), has interpreted *Celotex* and two related cases, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), as establishing a "new era" of favorable regard for summary judgment motions. *Street* points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. *Street,* 886 F.2d at 1479. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *Id.*

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "all moneys . . .furnished or intended to be furnished by any person in exchange for a controlled substance . . .[and] all proceeds traceable to such an exchange" are "subject to forfeiture to the United States and no property right [] exist[s] in them." 21 U.S.C. § 881(a). Under CAFRA, the Government must show "by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). The Government can satisfy this burden by showing "that the property is traceable to [ ] drug

3

offenses and is thus subject to forfeiture under 21 U.S.C. § 881(a)(6)." *U.S. v. $110,873.00 in U.S. Currency*, 159 F. App'x 649, 652 (6th Cir. 2005) (*quoting U.S. $174,206.00 in U.S. Currency*, 320 F.3d 658, 662 (6th Cir. 2003)).

## **ANALYSIS**

The Magistrate Judge correctly concluded that the totality of the evidence presented by the Government is sufficient to prove by a preponderance of the evidence that these funds are subject to forfeiture. For example, Cunningham cannot account for how these funds were lawfully acquired. Cunningham admitted that he had not filed federal or state income tax returns for the years 2005 through 2009. Cunningham admitted that he was not employed at any time during the years 2003 through 2009, but contends that he did odd jobs during this period of time. However, Cunningham conceded that he has no records to substantiate his claims of sporadic legitimate employment. Cunningham provided inconsistent accounts of how he acquired these funds, including that a portion of the funds were earned by winning the lottery and betting on basketball, football, boxing and horse racing.

The inconsistency among these statements, and the absence of supporting documents, undermines Cunningham's contention that these funds were derived from a legitimate source. *U.S. v. $5,000 in U.S. Currency*, 107 F.3d 871 (6th Cir. 1994) (Table). ("Inconsistent statements, prior drug-trafficking convictions, and carrying large sums of cash are probative.") (*citing U.S. v. $67,220.00 in U.S. Currency*, 957 F.2d 280, 285-86 (6thCir. 1992)). The Magistrate Judge also correctly indicted that Cunningham's considerable criminal record involved five drug-related offenses. In March 2004, an order of forfeiture was entered against Cunningham in the Cuyahoga

4

County Court of Common Pleas. The court ordered the following property to be forfeited from Cunningham to the State of Ohio: 1) $993.00, including $20.00 of buy money; 2) a pager; and 3) a 1992 Pontiac.

The Court agrees with the Magistrate Judge that to defeat the Government's Motion for Summary Judgment, Cunningham needed to come forward with some type of evidence to demonstrate that there is a genuine dispute as to the source of these funds. *Celotex*, 477 U.S. at 324. The Magistrate Judge points out that although Cunningham provided an 89 page transcript of his suppression hearing, he never specifically identified what portion of the transcript supported his arguments. Cunningham had "an affirmative duty to direct the Court's attention to specific portions of the record upon which [he] seeks to rely to create a genuine issue of material fact." *Primes v. Reno*, 999 F.Supp. 1007, 1010 (N.D. Ohio 1998); *see also In re St. Clair Clinic, Inc.*, No. 94-3943, 1996 WL 6531, at *2 (6th Cir. Jan. 8, 1996) (TABLE). On the contrary, Defendant's Objections to Magistrate's Report and Recommendation, are insulting, rambling, nonsensical and grammatically incorrect.

The Court agrees that the evidence as a whole is sufficient for the Government to meet its burden. *See $110,873.00*, 159 F. App'x at 652 (finding that the large amount of cash seized from the claimant, lack of income tax returns from prior years, presence of a user's amount of marijuana at the scene, the claimant's prior drug-related criminal history, and a positive alert to the currency by drug dogs all combined to establish a connection between the funds seized and drug offenses).

The Court agrees with the Magistrate Judge's conclusion that Cunningham's challenge to the legality of the search of his vehicle is without merit. The Eighth District

5

Court of Appeals has already determined that the search of his vehicle was lawful. *Cleveland v. Cunningham*, No. 95267, 2011 WL 1812757 (Ohio Ct. App. May 12, 2011).

The Court also agrees with the Magistrate Judge that the Cleveland Police Department's transfer of the Defendant Currency to U.S. Customs and Border Protection officials was proper.  The doctrine of adoptive forfeiture is well-recognized. *See U.S. v. Ford Coupe Auto.*, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279 (1926). Furthermore, some courts have found that a federal agency may adopt a seizure even when property is unlawfully transferred to it. *Madewell v. Downs*, 68 F.3d 1030, 1038 (8th Cir. 1995) (finding that the federal government may adopt a seizure even when the property was seized and/or transferred without authority); *U.S. v. $6,207.00 in U.S. Currency*, No. 2:08-CV-999, 2009 WL 2169167, at *7 (M.D.Ala. July 20, 2009) ("[T]he government may adopt a seizure where there was no authority to transfer the property.").

In his Objections to Magistrate's Report and Recommendation, Cunningham contends that the Magistrate Judge's reliance on *Madewell* is unreasonable. Cunningham contends that the police ignore the laws, profile the property of certain people, and conspire to generate revenue by seizing property.  The Court agrees with the Magistrate Judge that even if the transfer of the Defendant Currency was improper this failure would not have precluded the CBP from adopting the funds. *See Madewell*, 68 F.3d at 1038; *see also $6,207.00*, 2009 WL 2169167 at *7.

The Court finds there is no genuine issue as to any material fact.  For the foregoing reasons, the Court adopts and accepts the Magistrate Judge's well-reasoned Report and Recommendation. Therefore, Plaintiff's Motion for Summary Judgment is

granted, forfeiting the defendant $16,757.00 in U.S. Currency to the United States.

      IT IS SO ORDERED.

Date: 5/22/2012        s/Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  United States District Judge